IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| Patrick Stuart,<br><br>      Plaintiff,<br><br>vs.<br><br>Union Pacific Railroad Company, a Delaware Corporation,<br><br>      Defendant. | Court File No.: |

  **COMES NOW** the Plaintiff, Patrick Stuart, and for his claims and cause of action against Defendant states and alleges as follows:

  1. That at all times relevant to this suit, Plaintiff was a resident of Plattsmouth, Nebraska.

  2. Defendant Union Pacific Railroad Company ("UP") was and is headquartered in Nebraska, and is a common carrier for hire by rail in and throughout the several States of the United States and for the purpose of operating said railroad did and does own, possess, operate and maintain, railroad cars, tracks, and other equipment in and about the State of Nebraska.

  3. That at all material times, Plaintiff, was employed by the Defendant in activities which were in furtherance of Defendant's interstate operations;

  4. The Court has jurisdiction through 45 U.S.C. '51 et seq., commonly known as the Federal Employer's Liability Act ("FELA") and this action is timely commenced under said statute.

  5. In January 2019, Plaintiff was on-duty working with UP as a track inspector.

6. UP's foreman instructed Plaintiff to use a hammer to erect several boards for slow orders.

7. The ground where the slow order signs were erected was frozen in January 2019.

8. There are multiple ways to notify a crew of slow orders that do not involve driving signs into frozen ground.

9. In February 2019, Plaintiff was on-duty working with UP as a track inspector.

10. In February 2019, UP's foreman instructed Plaintiff to use a hammer to erect several boards for slow orders.

11. Plaintiff identified other means to notify the crew of slow orders other than driving signs into the frozen ground, which were reasonably safe and did not pose the risk of an injury like pounding frozen boards into the ground did.

12. UP's foreman refused Plaintiff's effort to use those other methods and instructed Plaintiff again to use a hammer to erect several boards for slow orders into frozen ground.

13. Plaintiff suffered serious injuries because of UP's instructions and refusal to use, offer, or provide safer means to identify slow orders on the track.

**FIRST CAUSE OF ACTION: FELA NEGLIGENCE: 45 USC §51, et seq.**

14. Plaintiff hereby incorporates by reference paragraphs 1 through 15 above.

15. The injuries sustained on or around February 2019, by Plaintiff and the resulting damage came as a result, in whole or in part, of the negligence of Defendant UP its agents, employees, and officers and in violation of the FELA, 45 U.S.C '51 et. seq., to wit, Defendant UP was negligent in:

    a. Failing to provide Plaintiff with a reasonably safe place in which to work;

    b. Failing to provide proper and reasonably safe equipment and resources;

    c. Failing to comply with applicable provisions of the code of federal regulations;

    d. Failing to provide adequate manpower to safely complete the job;

    e. Failure to provide sufficient training and resources;

    f. Requiring Plaintiff to perform work activities that were unsafe; and

    g. Other acts of negligence to be discovered.

16. That because of Defendant's negligence, statutory violations, regulatory violations, and violation of the FELA, Plaintiff has sustained severe and disabling injuries to his shoulder, back, arm, rotator cuff, and other parts of his body.

17. That as a result of Defendant's conduct, Plaintiff has lost wages, has a permanent loss of his earning capacity, has and will continue to suffer physical pain and suffering, has and will continue to suffer a loss of enjoyment of life, and has and will continue to suffer emotional loss.

18. That in an effort to treat his injuries, Plaintiff has incurred in the past and will incur in the future expenses for hospital, nursing and other medical care, the exact amount of which cannot be accurately estimated at this time.

**WHEREFORE**, Plaintiff prays for judgment against the above-named Defendant, Union Pacific Railroad, a Delaware corporation, for recovery of reasonable damages in an amount sufficient to fully compensate Plaintiff for the damages and losses suffered, together with all costs, disbursements, and whatever other relief the Court deems appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Dated: December 23, 2021         /s/ Nicholas D. Thompson

**CASEY JONES LAW FIRM**
Nick Thompson, Esq.
3520 Cherryvale Avenue
Suite 83
Appleton, WI 54913
(757) 477-0991

and

**BOLT HOFFER BOYD LAW FIRM**
Joseph M. Sayler, Esq. (*pro hac vice* expected)
Attorney for Plaintiff
2150 Third Avenue, Suite 350
Anoka, Minnesota  55303
(763) 406-7000